**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN J. HRUSKA, | |
| Plaintiff, | NO. 3:06-CV-01672 |
| v. | (JUDGE CAPUTO) |
| VACATION CHARTERS, LTD., | |
| Defendant. | |

## MEMORANDUM ORDER

Plaintiff John J. Hruska ("Hruska") filed a Complaint in this Court on August 24, 2006, alleging that Defendant Vacation Charters, Ltd. ("VC") violated his rights under the Family Medical Leave Act of 1993, codified at Title 29 of the United States Code, sections 2601, *et seq.*, by denying him his former position of employment upon his return from a medical leave of absence in the summer of 2004.  (Doc. 1.)  The Court has jurisdiction over this action pursuant to Title 28 of the United States Code, section 1331 ("federal question jurisdiction").

Presently before the Court is Defendant's motion to dismiss, which was filed on January 22, 2007.  (Doc. 6.)  Defendant filed a memorandum of law in support of said motion on February 5, 2007.  (Doc. 7.)  Plaintiff, however, has failed to timely file a brief in opposition to Defendant's motion to dismiss, even though he was granted a 10-day extension of time to file an opposing brief by Order of this Court issued on February 22, 2007.  (Doc. 9.)

Generally, a dispositive motion may not be granted merely because it is unopposed.  Because Local Rules of Court must be "construed and applied in a manner

consistent with the Federal Rules of Civil Procedure," *Anchorage Assoc. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 174 (3d Cir. 1990), the disposition of an unopposed motion ordinarily requires a merits analysis.  The Third Circuit Court of Appeals has stated, however, that Local Rule 7.6 can be applied to grant a motion to dismiss without analysis of the complaint's sufficiency "if a party fails to comply with the [R]ule after a specific direction to comply from the court."  *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (1991).

Failure to prosecute an action may warrant dismissal under Federal Rule of Civil Procedure 41(b), which in pertinent part, provides:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . operates as an adjudication on the merits.

The granting of an unopposed motion to dismiss is within the discretion of the court.

When a plaintiff fails to prosecute or comply with a court order, the court may dismiss the action, with prejudice, under Rule 41(b).  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962); *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *Stackhouse*, 951 F.2d at 30 (holding that failure of a plaintiff to comply with a court's specific direction to comply with a local rule requiring the filing of an opposing brief warranted the treatment of a motion to dismiss as being unopposed and subject to dismissal without a merits analysis).

Local Rule 7.6 provides that if a respondent fails to file an opposing brief within fifteen (15) days after service of the movant's brief, the motion will be deemed unopposed.  Based on his failure to take any action in response to VC's motion to

dismiss, it would appear that Hruska may have abandoned his interest in pursuing this matter further. However, the Court will grant additional time for the Plaintiff to respond to the motion and direct him to file a brief in opposition within fifteen (15) days of the date of this Order. If Plaintiff fails to oppose the motion or otherwise communicate with the Court within fifteen (15) days of the date of this Order, Defendant's motion to dismiss will be deemed unopposed and granted without a merits analysis, and the Court will dismiss this case for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b), without a merits analysis. *See* M.D. Pa. Local Rule 7.6; FED. R. CIV. P. 41(b); *Stackhouse*, 951 F.2d at 30.

**AND NOW, THEREFORE,** this 15th day of May, 2007, **IT IS HEREBY ORDERED THAT**:

(1) Plaintiff shall file and serve a brief in opposition to the Defendant's motion to dismiss on or before May 31, 2007.

(2) Failure to comply with this Order shall be deemed a failure to prosecute and comply with a court order pursuant to Federal Rule of Civil Procedure 41(b), and will result in the unopposed motion to dismiss being granted without a merits analysis.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge