## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN J. HRUSKA,

    Plaintiff,

    v.

VACATION CHARTERS, LTD.,

    Defendant.

NO. 3:06-CV-01672

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is Defendant's motion to dismiss. (Doc. 7.) For the reasons stated below, the motion to dismiss will be granted in part and denied in part. The Court has jurisdiction over this action pursuant to Title 28 of the United States Code, section 1331 ("federal question") and exercises supplemental jurisdiction over Plaintiff's state-law tort claim pursuant to Title 28 of the United States Code, section 1367.

## BACKGROUND

The allegations of Plaintiff's Complaint (Doc. 1) are as follows. Plaintiff, John J. Hruska, was an employee of Defendant Vacation Charters, Ltd. ("VC") at the Split Rock Resort in Lake Harmony, Pennsylvania. (*Id.* ¶ 7.) Plaintiff was restricted from work by his physician from approximately July 13, 2004 through August 23, 2004 due to medical conditions. (*Id.* ¶ 11.) Accordingly, Plaintiff verbally advised his employer that he required FMLA leave. (*Id.* ¶ 12.) Defendant did not provide Plaintiff with any notice of his rights under the FMLA, nor did it advise him that they considered him a "key employee" under the FMLA when he requested leave. (*Id.* ¶¶ 13, 14.) Prior to the six-week leave

period, Hruska had been deliberately subjected to a pattern of increased harassment because of his health.  (*Id.* ¶ 16.)  During the Plaintiff's medical leave, Defendant placed advertisements seeking Hruska's permanent replacement, and cleaned out his office.  (*Id.* ¶ 18).

Plaintiff was released to return to work on or about August 23, 2004, with a restriction that he should limit his work schedule to 40 hours per week. (*Id.* ¶ 17.)  He was told by Defendant that he could not return to his prior position.  (*Id.* ¶ 19.)  Instead, Defendant asserted that Mr. Hruska could return to work only if he took a different job, at a different location, for less pay.  (*Id.* ¶ 20.)  In response, Hruska asserted he had a right to his job back, for the same amount of pay, and with an accommodation of a 40-hour work week.  Defendant, however, refused to comply with these requests.  (*Id.* ¶¶ 22, 23.)  As a result, Hruska initiated a complaint with the U.S. Department of Labor, who found that Mr. Hruska's FMLA rights were violated.  (*Id.* ¶¶ 24, 25.)  In retaliation for Plaintiff asserting and utilizing his FMLA rights, the employer denied Plaintiff his previous employment.  (*Id.* ¶ 26.)

Defendant also undertook a course of conduct to harass Plaintiff due to this health problems, both during and immediately after the leave period.  (*Id.* ¶¶ 41, 42.)  Defendant harassed Plaintiff because it did not want a person who had serious health conditions and visibly appeared ill working at the establishment.  (*Id.* ¶ 43.)  Plaintiff claims that Defendant's conduct caused him to suffer emotional and mental distress, as well as bodily harm, and that this distress was both a direct and proximate cause of Defendant's conduct.  (*Id.* ¶¶ 44, 45.)

On August 24, 2006, Plaintiff filed a Complaint.  (Doc. 1.)  On February 5, 2007, Defendant filed the present motion to dismiss.  (Doc. 7.)  This motion is fully briefed and ripe for disposition.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  Dismissal is appropriate only if, accepting as true all of the facts alleged in the complaint and "drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint."  *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.,* 140 F.3d 478, 483 (3d Cir. 1998); *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint and matters of public record.  *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993), *cert. denied*, 510 U.S. 1042 (1994).  The Court may also consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the defendant has attached a copy of the document to the motion to dismiss.  *Id.*  The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions" or "legal conclusions."  *Morse v. Lower Marion Sch.*

*Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether the plaintiff will ultimately prevail. *See id.* In order to survive a motion to dismiss, the plaintiff must set forth information from which each element of a claim may be inferred. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## DISCUSSION

The Complaint raises causes of action under the Family Medical Leave Act of 1993 ("FMLA", or "the Act"), codified at Title 29 of the United States Code, sections 2601 *et seq.,* and for the tort of intentional infliction of emotional distress.

Plaintiff claims that his illness incapacitated him for more than three calendar days, requiring continuing medical care, treatment, and medication, and thereby meeting the qualifications of a "serious health condition" as that term is defined by the Act. (Compl. ¶ 31.) Plaintiff asserts that he is entitled to legal and equitable relief against the Defendant, as well as a reinstatement to the exact employment position he was performing at the time of his dismissal. (*Id.* ¶ 38.)

**A.   Family Medical Leave Act**

The Family Medical Leave Act of 1993 was enacted in order to balance the

demands of employers and the workplace with the needs of families.  The Act entitles employees to take reasonable leave for serious health conditions, the birth or adoption of a child, or to care for a sick loved one, and then enable the employee to return to their same position at the end of the leave period.  These goals are to be accomplished in a way that also accommodates the legitimate interests of employers.  29 U.S.C. § 2601(b).

Plaintiff asserts that he had a right to return to his former position not only with the same pay, but also with a temporary accommodation of a 40-hour work week.  (Compl. ¶ 32.)  Defendant counters that Plaintiff was not entitled to reinstatement under the FMLA since he was unable to perform the essential functions of the Lodge Manager position, which included the need to work in excess of 40 hours per week.

The FMLA does not require an employer to provide a reasonable accommodation to an employee to facilitate his return to the same or equivalent position at the conclusion of his medical leave.  *Conroy v. Twp. of Lower Merion*, 77 Fed.Appx. 556, 559 (3d Cir. 2003) (quoting *Rinehimer v. Cemcolift, Inc.*, 292 F.3d 375, 384 (3d Cir. 2002)); *see also* 29 C.F.R. § 825.214(b) ("If the employee is unable to perform an essential function of the position because of a physical or mental condition, including the continuation of a serious health condition, the employee has no right to restoration to [his original or] another position under the FMLA.").

Thus, a critical question the Court must consider is whether working more than 40 hours per week was an "essential function" of the Lodge Manager position.  When drawing all reasonable inferences in the Plaintiff's favor, dismissal of the FMLA count is inappropriate at this juncture.  There is no evidence in the record to support the

5

contention that the ability to work more than 40 hours per week was an "essential function" of the Lodge Manager position.  Even if this requirement is an essential function of the position, however, it is unclear to the Court whether the temporary 40-hour restriction would be considered an accommodation under the Act–which would warrant Defendant's refusal to restore Mr. Hruska to his original or an equivalent position following his leave period–because Plaintiff claims that he had remaining medical leave that he was entitled to use.

The Act allows for leave to be taken on an intermittent basis, if necessary.  29 U.S.C. § 2612(b).  Plaintiff claims that the 40 hour per week restriction was only required initially, and that he still had six additional weeks of FMLA leave that he should have been permitted to use. (Compl. ¶ 17.)  When drawing all necessary inferences in the Plaintiff's favor, it is reasonable to conclude that Plaintiff had sufficient FMLA leave time remaining such that he could have utilized those leave hours in lieu of working overtime and eventually returned to the work schedule expected of him as Lodge Manager.  This result may obtain, even assuming that overtime is an essential function of the position, because the arrangement would have required no accommodation by Defendant.  Accordingly, Defendant's motion to dismiss this Count will be denied.

**B.     Intentional Infliction of Emotional Distress**

Plaintiff also raises a cause of action for intentional infliction of emotional distress, alleging harassment by Defendant due to Plaintiff's medical conditions.  (Compl. ¶¶ 41-46.) For the reasons stated below, Defendant's motion to dismiss will be granted as to this count.

The exclusivity provision of the Pennsylvania Workers' Compensation Act (WCA) bars claims for intentional infliction of emotional distress arising out of the employment relationship. The provision states, in relevant part, that "the liability of an employer under this act shall be exclusive and in place of any and all other liability to such employees . . . otherwise entitled to damages in any action at law or otherwise on account of any injury or death . . . ." 77 PA. CONS. STAT. ANN. §481(a); *see also Matczak v. Frankford Candy and Chocolate Co.*, 136 F.3d 933, 940 (3d Cir. 1997) (citing *Dugan v. Bell Tel. of Pennsylvania*, 876 F.Supp. 713, 723 (W.D. Pa. 1994)).

The WCA clearly, therefore, bars this cause of action with respect to any of Defendant's alleged acts during the employment relationship. Plaintiff argues, however, that some of the alleged acts were taken after Defendant had effectively terminated his employment, and that these acts would therefore fall outside of the employment relationship and the exclusivity provision of the WCA.

Even absent the WCA, however, Hruska's claims do not rise to the level required for a finding of intentional infliction of emotional distress. In order to prevail on this claim, Plaintiff would have to make a showing that Defendant's conduct was of an "extreme and outrageous type." *Cox v. Keystone Carbon Co.*, 861 F.2d 390, 395 (3d Cir. 1988) (citing *Rinehimer v. Luzerne County Cmty. Coll.*, 539 A.2d 1298, 1305 (Pa. Super. Ct. 1988)). It has been said that "[t]he conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Buczek v. First Nat'l Bank of Mifflintown*, 531 A.2d 1122, 1125 (Pa. Super. Ct. 1987).

7

"[I]t is for the court to determine, in the first instance, whether the actor's conduct can reasonably be regarded as so extreme and outrageous as to permit recovery." *Thompson v. AT&T Corp.*, 371 F.Supp.2d 661, 683 (W.D. Pa. 2005) (quoting *Reimer v. Tien*, 514 A.2d 566, 569 (Pa. Super. Ct. 1986)).  Only those cases which have presented the most egregious conduct have been found to have a sufficient cause of action for intentional infliction of emotional distress.  *Hoy v. Angelone*, 554 Pa. 134, 151 (1998).

In the instant case, when examining Plaintiff's claim in the light most favorable to him, Defendant can only be said to have denied Hruska reinstatement to his former position with an improper motive, and notwithstanding the potential effects on him. Defendant's actions, examined with Pennsylvania precedent as the relevant backdrop, do not rise to the level of outrageousness which is required under the law to make out a claim for intentional infliction of emotional distress.

Accordingly, Defendant's motion to dismiss as to this count will be granted.

## CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss will be granted in part and denied in part.  An appropriate Order follows.


July   9  , 2007                              /s/ A. Richard Caputo
                                              A. Richard Caputo
                                              United States District Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN J. HRUSKA, | |
| Plaintiff, | NO. 3:06-CV-01672 |
| v. | (JUDGE CAPUTO) |
| VACATION CHARTERS, LTD., | |
| Defendant. | |

### ORDER

**NOW**, this ___9th___ day of July, 2007, **IT IS HEREBY ORDERED** that Defendant's motion to dismiss (Doc. 7) pursuant to Federal Rule of Civil Procedure 12 is **GRANTED in part** and **DENIED in part** as follows:

(1) **GRANTED** as to the intentional infliction of emotional distress claim; and

(2) **DENIED** as to the claim under the Family Medical Leave Act.

          /s/ A. Richard Caputo
          A. Richard Caputo
          United States District Judge