# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN J. HRUSKA, | |
| Plaintiff, | NO. 3:06-cv-1672 |
| v. | (JUDGE CAPUTO) |
| VACATION CHARTERS, LTD., | |
| Defendant. | |

## MEMORANDUM

Presently before the Court is Defendant Vacation Charters, Ltd.'s Motion to Dismiss Plaintiff's Second Complaint or, in the Alternative, for Summary Judgment. (Doc. 31.) Plaintiff John Hruska's complaint raises claims for disability discrimination under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101, *et seq.*, and the Pennsylvania Human Relations Act (PHRA), 43 P.S. §§ 951, *et seq*. For the reasons stated below, the Court will grant Vacation Charters' motion.

As this case is brought under the ADA, 42 U.S.C. §§ 12101, *et seq.*, this Court has jurisdiction under 28 U.S.C. § 1331 ("federal question").

## BACKGROUND

Litigation between these parties began when Hruska filed a complaint against his former employer, Vacation Charters (the "First Action") on August 24, 2006, asserting a claim under the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq*. (Doc. 1.) In the First Action complaint, Hruska stated, "[r]elated discrimination claims are still pending before the appropriate federal and state agencies and Plaintiff intends to join these claims by an

amended pleading when those claims are ripe for judicial action." (First Action Compl. Prelim. Statement, Doc. 1.)  In the Joint Case Management Plan submitted by the parties on October 3, 2007 regarding the First Action, Hruska stated that he had requested a right to sue letter from the Equal Employment Opportunity Commission (EEOC) for the related disability discrimination claim, but the letter had not yet been issued.  (Case Mgmt. Plan § 10, Doc. 17.)  At the October 5, 2007 Case Management Conference on the First Action, Vacation Charters' counsel informed Hruska's counsel that the EEOC had issued a right to sue letter to Hruska the previous month.  The letter, originally issued on September 10, 2007, was faxed to Hruska's counsel by Vacation Charters' counsel on October 10, 2007. (Pl.'s Br. in Opp'n 2, Doc. 33.)

On October 20, 2007, Hruska filed an amended complaint in the First Action, adding disability discrimination claims under the ADA and PHRA.  (Doc. 20.)  This complaint was struck from the record by the Court for failure to comply with Federal Rule of Civil Procedure 15 and Rule 15.1 of the U.S. District Court for the Middle District of Pennsylvania Local Rules.  (Doc. 21.)  Hruska then filed a new complaint (the "Second Action") on January 7, 2008, asserting the same disability discrimination claims.  The Court consolidated the First and Second Actions on June 17, 2008.  (Doc. 29.)

In the Second Action complaint, Hruska alleges that, even though the EEOC letter was issued on September 10, 2007, it was only received by Hruska, through his counsel, on October 10, 2007 from Vacation Charters' counsel.  (Second Action Compl. ¶ 10, Doc. 1, Dckt. No. 08-cv-0042.)  He further alleges that neither he nor his counsel received any direct notification of the letter from the EEOC.  (*Id*.)

Vacation Charters filed the present motion to dismiss or, in the alternative, for

2

summary judgment, on August 6, 2008.  (Doc. 31.)  It argues that Hruska failed to file his ADA claim within the statutorily-mandated ninety (90) day filing period, which it contends began on October 5, 2007 when Hruska, through his attorney, learned of the right to sue letter's issuance.  Vacation Charters further argues that, because the ADA claim is time-barred, the state discrimination claim should be dismissed for lack of subject-matter jurisdiction.  Hruska argues in response that the ninety (90) day period began on October 10, 2007 when he actually received the letter.  As such, he asserts that he timely filed.  The motion has been fully briefed and is ripe for disposition.

Though Vacation Charters moves for summary judgment in the alternative, it fails to comply with Middle District Local Rule 56.1, requiring motions for summary judgment be accompanied by the filing and service of a separate statement of material facts. Consequently, the Court will consider only Defendant's motion to dismiss.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, Plaintiff has not plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1960 (2007), meaning, enough factual allegations "to raise a reasonable expectation that discovery will reveal evidence of" each necessary element.  *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring complaint to set forth

3

information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (per curiam). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court may consider the allegations in the complaint, exhibits attached to the complaint and matters of public record, including judicial proceedings. *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999). The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether the plaintiff will ultimately prevail. *Id.* The defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted. *Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000). Granting a Rule 12(b)(6) motion based on statute of limitations grounds is proper if the complaint facially shows non-compliance with the limitations period. *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978).

4

**DISCUSSION**

The ADA requires that, prior to bringing a civil action in court, a plaintiff must exhaust his administrative remedies by filing a charge with the EEOC and state agency, if any. 42 U.S.C. § 2000e-5(e)(1).[1] It further provides that when the EEOC dismisses such a charge, the agency "shall notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge." *Id*. § 2000e-5(f)(1).

In ADA actions, a plaintiff's failure to properly exhaust his administrative remedies is an affirmative defense in the nature of statute of limitations. *See Williams v. Runyon*, 130 F.3d 568, 573 (3d Cir. 1997) (Title VII context); *Ebbert v. DaimlerChrysler Corp.*, 319 F.3d 103, 108 (3d Cir. 2003) (applying in ADA context). The burden of proof is on the defendant. *Ebbert*, 319 F.3d at 108. Where a defendant seeks to prove expiration of a plaintiff's ninety (90) day filing period, two events together commence the statute of limitations: (1) dismissal by the EEOC, and (2) notice to the aggrieved person. *Id*. Here, Vacation Charters has the burden to show that these two events occurred more than ninety (90) days before Hruska filed the Second Action complaint.

The parties do not dispute that the EEOC issued Hruska a right to sue letter on September 10, 2007 for his disability discrimination claim against Vacation Charters, indicating the dismissal of his administrative charge. The first event necessary to start the

---

[1] The ADA incorporates the "powers, remedies, and procedures" of Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 12117(a). The relevant Title VII procedures are codified at 42 U.S.C. § 2000e-5(e)-(f).

5

filling period is therefore established. The parties also do not dispute that Hruska's counsel[2] first learned of the letter's issuance from Vacation Charters' counsel at the October 5 Case Management Conference.[3] Finally, they do not dispute that Hruska's counsel received a copy of the letter from Vacation Charters' counsel on October 10, 2007.

The parties part ways, however, over what constitutes notice sufficient to start the ninety (90) day period as a matter of law. Vacation Charters argues that Hruska received notice on October 5, 2007, when he was orally notified that the EEOC had issued a right to sue letter by its counsel. In contrast, Hruska argues that he did not receive notice sufficient to start the period until October 10, 2007, when he actually received a copy of the right to sue letter.

As a general rule, the ninety (90) day period commences on the date the complainant receives the right to sue letter. *Burgh v. Borough Council of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001). However, the U.S. Court of Appeals for the Third Circuit has held that, in certain circumstances, oral notice may suffice to trigger the period. *Ebbert*, 319 F.3d at 116. In order to do so, the oral notice must be equivalent to written notice. *Id*. The burden is on the defendant to show that oral notification was as "complete" and "comprehensive" as a written right to sue letter. *Id*.

---

[2] Receipt of notice by party's attorney is imputed to the party himself. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 93 (1990) ("To read the term 'receipt' to mean only 'actual receipt by the claimant' would render the practice of notification through counsel a meaningless exercise.").

[3] A case management conference is a judicial proceeding the contents of which the Court may consider in resolving a motion to dismiss. *Cf. In re Patenaude*, 210 F.3d 135, 144 (3d Cir. 2000) (explaining that all judicial proceedings before trial are pretrial proceedings and that a settlement conference is a pretrial proceeding).

The *Ebbert* court held that oral notification in the circumstances presented was not the equivalent of written notice. *Id*. There, plaintiff former employee filed a charge of disability discrimination with the EEOC, later dismissed by the agency. *Id.* at 107. The right to sue letter, informing plaintiff of the dismissal and giving notification of her right to pursue a suit within ninety (90) days, was mailed to a former address. *Id*. Plaintiff alleged she never received the letter. *Id.* Months after the letter was issued, plaintiff wrote the EEOC requesting a status update and received a telephone call from an agency representative informing her that her case was closed and a letter was long since issued. *Id*. The letter was re-issued to the correct address and plaintiff brought suit upon its receipt. *Id*. Defendant former employer argued that the filling period commenced on the date of plaintiff's telephone call with the EEOC representative. The court held that, while oral notice may sometimes suffice, this was not such a case because nothing in the record indicated the telephone conversation made plaintiff aware the ninety (90) days would commence as a result, *i.e.* there was no evidence "that it included an explanation of the 'start date.'" *Id*. at 116.

The *Ebbert* court took note of the Sixth Circuit Court of Appeal's decision in *Ball v. Abbott Advertising, Inc*., 864 F.2d 419 (6th Cir. 1988), holding that a discrimination suit was barred by the statute of limitations where plaintiff's counsel was informed by an EEOC representative over the telephone that a right to sue letter had been issued. The *Ball* court came to its conclusion without analyzing the content of either the right to sue letter or the telephone call. *Id*. at 420-21. The *Ebbert* court recognized that it requires a more complete analysis, but reasoned that factual differences between the cases may account for the *Ball*

7

court's requiring "less complete" notice. *Ebbert,* 319 F.3d at 116 n. 16.  The court noted that, in *Ball*, plaintiff's *counsel* was notified of the letter by the EEOC, and reasoned:

> The lawyer was perhaps assumed by the court to have had knowledge of the contents of a typical 'right to sue' letter, or thought to understand the need to inquire about the start date for the limitations period ... The specific facts in this case demonstrate to this court that the further requirement of completeness is essential.  Here the recipient of oral notice is a layperson, not an attorney.

*Id.*

As Vacation Charters points out, in this case oral notice was given to Hruska's counsel.  (Def.'s Mem. in Supp. 8, Doc. 32.)  It argues that the reasoning of *Ball* and *Ebbert* together indicate that oral notice given at the October 5 conference was sufficient to commence the ninety (90) day period.  (*Id.* at 8-9.)  Indeed, the *Ebbert* court seems to imply that the facts of *Ball*–oral notice of a right to sue letter given by the EEOC to plaintiff's counsel–may be the equivalent of written notice under its test because, in those circumstances, plaintiff (through counsel) "is fully aware of the deadline he or she must meet to prosecute a lawsuit."  *Ebbert,* 319 F.3d at 116.

However, as Hruska argues, oral notice in this case was given by opposing counsel, not the EEOC, as was the case in both *Ebbert* and *Ball*.  (Pl.'s Br. in Opp'n 4.)  He argues that he did not received notice from the Commission until he got its letter on October 10, 2007.  (*Id.* at 5.)

The Court agrees with Vacation Charters to the extent it argues the oral notice in this case was as complete as receipt of the written right to sue letter.  The distinction here between receiving oral notice of a right to sue letter from the EEOC versus opposing counsel is not significant.  In either case, the EEOC has already dismissed the charge, thereby

8

triggering the right to initiate a suit, and sent the notice of this right via the letter. The *Ebbert* court emphasized that where a plaintiff's attorney learns of the letter's issuance, he is generally presumed to understand its significance, including the time limitations involved. Whether the attorney learns of the letter from the agency or opposing counsel does not impact his knowledge of his client's rights and responsibilities. The *Ebbert* court was concerned that the layperson plaintiff there received no explanation of the "start date" of her right to sue through her telephone call with the EEOC. Hruska's counsel required no comparable explanation. The Court concludes that oral notice in these circumstances is the equivalent of receipt of the right to sue letter from the EEOC. Where oral notice is equivalent to written notice,

> [i]t simply would not make sense to force courts and defendants to wait for a specific form of notice in situations where a plaintiff is fully aware of the deadline he or she must meet to prosecute a lawsuit ... Permitting oral notice to start the limitations period strikes a fairer balance between a defendant's interest in a quick resolution of charges and clear finality for charges that will not become lawsuits, and a plaintiff's interest in having adequate opportunity to bring suit and a clear understanding of when and where to do so.

*Ebbert*, 319 F.3d at 116.

Hruska also argues that, according to Federal Rule of Civil Procedure 6(d), three days mailing time must be added to the limitations period. However, the three day mailing presumption reflected in Rule 6(d) applies to right to sue letters only when the receipt date of the letter is in dispute. *See Pagonakis v. Express, LLC*, 534 F. Supp. 2d 453, 459 (D. Del. 2008) ("When the receipt date of the right to sue letter is in dispute, and there is not evidence pertaining to when the letter was actually received, Rule 6(e) (now found at 6(d)) of the Federal Rules of Civil Procedure will control by invoking the presumption of receipt within three days of mailing."); *see also DeFrancesco v. Weir Hazelton, Inc.*, 232 F.R.D. 454,

9

Case 3:06-cv-01672-ARC   Document 40   Filed 01/27/09   Page 10 of 12

457 (E.D. Pa. 2005) (collecting cases applying the rule in and outside the Third Circuit). Here, the parties do not dispute that the letter was actually received by Hruska's counsel on October 10, 2007. Moreover, application of the three day mailing presumption would not benefit Hruska. The presumption functions to start the relevant period three days after mailing of the letter, which in this case would be September 13, 2007. *See Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n. 1 (1984) (citing Rule 6(e) for presumption that right to sue letter was received three days after it was issued). As Rule 6(d) does not apply and the Court concludes that oral notice commenced the limitations period, the statute of limitations ended ninety (90) days after October 5, 2007.

Finally, because the sole federal claim in the in Second Action[4] will be dismissed, the Court will exercise its discretion to decline supplemental jurisdiction over Hruska's state disability discrimination claim under the PHRA. *See* 28 U.S.C. § 1367(c)(3) (district court may decline supplemental jurisdiction where it has dismissed all claims over which it has original jurisdiction).

## CONCLUSION

Because the Court concludes that oral notice of the right to sue letter given by Vacation Charter's counsel on October 5, 2007 is equivalent to receipt of the letter itself, such notice is sufficient to commence the ninety (90) day filing period. The Second Action

---

[4] Though the First Action and Second Action have been consolidated, the two do not create a single case for jurisdiction purposes. *Cella v. Togum Constructeur Ensemleier En Industrie Alimentaire*, 173 F.3d 909, 912 (3d Cir. 1999).

complaint (Doc. 1, Dckt. No. 08-cv-0042) was filed January 7, 2008, just outside the ninety (90) day filing period ending on January 3, 2008.  Hruska's ADA claim was therefore untimely and will be dismissed.  Because the sole federal claim will be dismissed, the Court declines supplemental jurisdiction over Hruska's state law claim.  Therefore, the Court will grant Vacation Charters' motion to dismiss (Doc. 31).

An appropriate Order follows.


| January 27, 2009 | /s/ A. Richard Caputo |
|---|---|
| Date | A. Richard Caputo |
| | United States District Judge |

11

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN J. HRUSKA, | |
| Plaintiff, | NO. 3:06-cv-1672 |
| v. | (JUDGE CAPUTO) |
| VACATION CHARTERS, LTD., | |
| Defendant. | |

**ORDER**

**NOW**, this  27th  day of January, 2009, **IT IS HEREBY ORDERED** that Defendant Vacation Charters, Ltd.'s Motion to Dismiss Plaintiff's Second Complaint or, in the Alternative, for Summary Judgment (Doc. 31) is **GRANTED.**

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge